1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11  MICHELLE L.P.,[1]                    Case No. 5:19-cv-01914-JC
12              Plaintiff,
                                         MEMORANDUM OPINION AND
13         v.                            ORDER OF REMAND

14  ANDREW SAUL, Commissioner of
15  Social Security Administration,

16              Defendant.

17

## I.   SUMMARY

18

On October 7, 2019, plaintiff filed a Complaint seeking review of the
Commissioner of Social Security's denial of her applications for benefits.  The
parties have consented to proceed before the undersigned United States Magistrate
Judge.

This matter is before the Court on Plaintiff's Motion for Summary Judgment
("Plaintiff's Motion"), to which defendant filed an opposition ("Defendant's

///

---

[1] Plaintiff's name is partially redacted to protect her privacy in compliance with Federal
Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the United States.

1

1   Opposition"). The Court has taken the matter under submission without oral
2   argument. See Fed. R. Civ. P. 78; L.R. 7-15; Case Management Order ¶ 5.

3        Based on the record as a whole and the applicable law, the decision of the
4   Commissioner is REVERSED AND REMANDED for further proceedings
5   consistent with this Memorandum Opinion and Order of Remand.

6   **II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE**
7   **DECISION**

8        On January 23, 2017, plaintiff filed an application for Disability Insurance
9   Benefits, alleging disability beginning on September 23, 2016, due to multiple
10  sclerosis, back pain, bipolar disorder, and severe depression and anxiety.
11  (See Administrative Record ("AR") 251-52, 290). An application for
12  Supplemental Security Income followed on April 25, 2018. (AR 263-69). An
13  Administrative Law Judge ("ALJ") subsequently examined the medical record and
14  heard testimony from plaintiff (who was represented by counsel), as well as a
15  medical expert and a vocational expert, on April 17, 2019. (AR 47-74). On April
16  30, 2019, the ALJ determined that plaintiff has not been disabled since
17  September 23, 2016, the alleged onset date. (AR 28-40). Specifically, the ALJ
18  found: (1) plaintiff suffers from the following severe impairments: obesity,
19  multiple sclerosis, chronic pain, degenerative disc disease of the cervical spine and
20  lumbar spine, degenerative joint disease of the bilateral knees, and migraine
21  headaches (AR 31); (2) plaintiff's impairments, considered individually or in
22  combination, do not meet or medically equal a listed impairment (AR 32);
23  (3) plaintiff retains the residual functional capacity ("RFC") to perform a reduced
24  range of light work (20 C.F.R. §§ 404.1567(b), 416.1967(b)) (AR 33); (4) plaintiff
25  is unable to perform any past relevant work (AR 38); (5) plaintiff is capable of
26  performing other jobs that exist in significant numbers in the national economy,
27  specifically office helper, information clerk, telephone quotation clerk, and
28  paramutual ticket checker (AR 39); and (6) plaintiff's statements regarding the

1 | intensity, persistence, and limiting effects of subjective symptoms are not entirely
2 | consistent with the medical evidence and other evidence in the record (AR 36).

3 |     On August 7, 2019, the Appeals Council denied plaintiff's application for
4 | review of the ALJ's decision.  (AR 2-4).

5 | **III.**    **APPLICABLE LEGAL STANDARDS**

6 |     **A.**    **Administrative Evaluation of Disability Claims**

7 |     To qualify for disability benefits, a claimant must show that she is unable
8 | "to engage in any substantial gainful activity by reason of any medically
9 | determinable physical or mental impairment which can be expected to result in
10 | death or which has lasted or can be expected to last for a continuous period of not
11 | less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a),
12 | 416.905(a).  To be considered disabled, a claimant must have an impairment of
13 | such severity that she is incapable of performing work the claimant previously
14 | performed ("past relevant work") as well as any other "work which exists in the
15 | national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing
16 | 42 U.S.C. § 423(d)).

17 |     To assess whether a claimant is disabled, an ALJ is required to use the five-
18 | step sequential evaluation process set forth in Social Security regulations.  See
19 | Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006)
20 | (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520,
21 | 416.920).  The claimant has the burden of proof at steps one through four – *i.e.*,
22 | determination of whether the claimant was engaging in substantial gainful activity
23 | (step 1), has a sufficiently severe impairment (step 2), has an impairment or
24 | combination of impairments that meets or medically equals one of the conditions
25 | listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and
26 | retains the residual functional capacity to perform past relevant work (step 4).
27 | Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).  The
28 | ///

3

1  Commissioner has the burden of proof at step five – *i.e.*, establishing that the

2  claimant could perform other work in the national economy.  Id.

3  **B.    Federal Court Review of Social Security Disability Decisions**

4       A federal court may set aside a denial of benefits only when the

5  Commissioner's "final decision" was "based on legal error or not supported by

6  substantial evidence in the record."  42 U.S.C. § 405(g); Trevizo v. Berryhill, 871

7  F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted).  The

8  standard of review in disability cases is "highly deferential."  Rounds v. Comm'r

9  of Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation

10 marks omitted).  Thus, an ALJ's decision must be upheld if the evidence could

11 reasonably support either affirming or reversing the decision.  Trevizo, 871 F.3d at

12 674-75 (citations omitted).  Even when an ALJ's decision contains error, it must

13 be affirmed if the error was harmless.  See Treichler v. Comm'r of Soc. Sec.

14 Admin., 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if

15 (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path

16 may reasonably be discerned despite the error) (citation and quotation marks

17 omitted).

18      Substantial evidence is "such relevant evidence as a reasonable mind might

19 accept as adequate to support a conclusion."  Trevizo, 871 F.3d at 674 (defining

20 "substantial evidence" as "more than a mere scintilla, but less than a

21 preponderance") (citation and quotation marks omitted).  When determining

22 whether substantial evidence supports an ALJ's finding, a court "must consider the

23 entire record as a whole, weighing both the evidence that supports and the

24 evidence that detracts from the Commissioner's conclusion[.]"  Garrison v.

25 Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

26      Federal courts review only the reasoning the ALJ provided, and may not

27 affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely."

28 Trevizo, 871 F.3d at 675 (citations omitted).  Hence, while an ALJ's decision need

1  not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's
2  reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin,
3  806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099).

4       A reviewing court may not conclude that an error was harmless based on
5  independent findings gleaned from the administrative record. Brown-Hunter, 806
6  F.3d at 492 (citations omitted). When a reviewing court cannot confidently
7  conclude that an error was harmless, a remand for additional investigation or
8  explanation is generally appropriate. See Marsh v. Colvin, 792 F.3d 1170, 1173
9  (9th Cir. 2015) (citations omitted).

10 **IV.   DISCUSSION**

11      Plaintiff's sole claim is that the ALJ failed to provide clear, specific, and
12 convincing reasons to discredit her statements and testimony. (Plaintiff's Motion
13 at 7-15). For the reasons stated below, the Court finds that the ALJ erred on this
14 basis. Since the Court cannot find that the error was harmless, a remand is
15 warranted.

16      **A.   Pertinent Law**

17      When determining disability, an ALJ is required to consider a claimant's
18 impairment-related pain and other subjective symptoms at each step of the
19 sequential evaluation process. 20 C.F.R. §§ 404.1529(a), (d). Accordingly, when
20 a claimant presents "objective medical evidence of an underlying impairment
21 which might reasonably produce the pain or other symptoms [the claimant]
22 alleged," the ALJ is required to determine the extent to which the claimant's
23 statements regarding the intensity, persistence, and limiting effects of his or her
24 subjective symptoms ("subjective statements" or "subjective complaints") are
25 consistent with the record evidence as a whole and, consequently, whether any of
26 the individual's symptom-related functional limitations and restrictions are likely
27 to reduce the claimant's capacity to perform work-related activities. 20 C.F.R.
28 ///

5

§§ 404.1529(a), (c)(4); SSR 16-3p, 2017 WL 5180304, at *4-*10.[2]  When an individual's subjective statements are inconsistent with other evidence in the record, an ALJ may give less weight to such statements and, in turn, find that the individual's symptoms are less likely to reduce the claimant's capacity to perform work-related activities.  See SSR 16-3p, 2017 WL 5180304, at *8.  In such cases, when there is no affirmative finding of malingering, an ALJ may "reject" or give less weight to the individual's subjective statements "only by providing specific, clear, and convincing reasons for doing so."  Brown-Hunter, 806 F.3d at 488-89. This requirement is very difficult to satisfy.  See Trevizo, 871 F.3d at 678 ("The clear and convincing standard is the most demanding required in Social Security cases.") (citation and quotation marks omitted).

An ALJ's decision "must contain specific reasons" supported by substantial evidence in the record for giving less weight to a claimant's statements.  SSR 16-3p, 2017 WL 5180304, at *10.  An ALJ must clearly identify each subjective statement being rejected and the particular evidence in the record which purportedly undermines the statement.  Treichler, 775 F.3d at 1103 (citation omitted).  Unless there is affirmative evidence of malingering, the Commissioner's reasons for rejecting a claimant's testimony must be "clear and convincing." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995) (internal quotation marks omitted), as amended (Apr. 9, 1996).  "General findings are insufficient[.]" Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted).

If an ALJ's evaluation of a claimant's statements is reasonable and is supported by substantial evidence, it is not the court's role to second-guess it.  See

---

[2]Social Security Ruling 16-3p superseded SSR 96-7p and, in part, eliminated use of the term "credibility" from SSA "sub-regulatory policy[]" in order to "clarify that subjective symptom evaluation is not an examination of an individual's [overall character or truthfulness] . . . [and] more closely follow [SSA] regulatory language regarding symptom evaluation."  See SSR 16-3p, 2017 WL 5180304, at *1-*2, *10-*11.

1   Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).  When

2   an ALJ fails properly to discuss a claimant's subjective complaints, however, the

3   error may not be considered harmless "unless [the Court] can confidently conclude

4   that no reasonable ALJ, when fully crediting the testimony, could have reached a

5   different disability determination."  Stout, 454 F.3d at 1056; see also Brown-

6   Hunter, 806 F.3d at 492 (ALJ's erroneous failure to specify reasons for rejecting

7   claimant testimony "will usually not be harmless").

8        **B.    Plaintiff's Statements**

9        Plaintiff testified that she experiences constant pain in her whole body.  (AR

10   57-58).  The pain eases some with medications, such as Norco, or with "Icy Hot"

11   patches on her back.  (AR 58).  She stated that she also has numbness and tingling

12   in her hands, feet, toes, shoulders, and neck.  (AR 58).  About four times a month,

13   she gets "severe migraines" lasting four to five days, which are helped by

14   medication.  (AR 58-59).  Plaintiff testified that she can sit for about twenty

15   minutes before needing to get up for a few minutes, and can stand or walk for

16   about thirty minutes before needing to sit.  (AR 60-61).  She stated she can lift

17   only three or four pounds, and has a hard time holding things in her hands.  (AR

18   61).

19        Plaintiff also testified that she lives alone in a small cabin with four

20   Chihuahuas, and generally does not leave her home except to go to the doctor or to

21   the grocery store about once a month.  (AR 62-63, 65).  She tends to isolate herself

22   and cry a lot.  (AR 62).  She stated that she has difficulty concentrating and has

23   "very bad memory problems," requiring her to "write everything down."  (AR 63).

24   She stated that the medications help with her anxiety and depression.  (AR 63).

25        Plaintiff testified that she cooks and does some cleaning, such as sweeping,

26   mopping, and dish-washing, but with some difficulty.  (AR 65-67).  She stated she

27   bathes without difficulty, but has a hard time getting in and out of the shower.

28   ///

1    (AR 65-66).  She brushes her hair and dresses herself when she goes out.  (AR

2    66).  At night, she does "painting with diamonds" to keep herself busy.  (AR 68).

3        **C.    ALJ's Assessment**

4        The ALJ reviewed the record and found that plaintiff's medically

5    determinable impairments could reasonably be expected to cause the alleged

6    symptoms, but determined that plaintiff's statements about the intensity,

7    persistence, and limiting effects of the symptoms were "not entirely consistent

8    with the medical evidence and other evidence in the record for the reasons

9    explained in th[e] decision."  (AR 34, 36).

10       As support, the ALJ found that plaintiff's statements were not

11   "corroborate[d]" by the objective medical evidence in the record.  (AR 36).

12   Specifically, the ALJ noted that plaintiff "ambulated with a normal gait and did

13   not use an assistive device," despite her complaints of numbness and tingling in

14   her extremities.  (AR 36) (citing AR 749-50, 811, 1154).  The ALJ also found

15   plaintiff had no problems with coordination and was "able to perform tandem gait,

16   which would be exceedingly difficult for an individual with any type of gait

17   disturbance."  (AR 36-37).  Moreover, the ALJ pointed to stable findings from

18   diagnostic testing in 2017 and 2018, with "no evidence of new enhancing lesions."

19   (AR 37) (citing AR 980, 998).  The ALJ further observed that there was "no

20   objective evidence of impaired memory recall or difficulty maintaining focus as

21   indicated by [plaintiff] at the hearing."  (AR 37).

22       Aside from objective medical evidence, the ALJ noted that plaintiff had

23   been "tolerating her medication well"  (AR 37) (citing AR 998), and that plaintiff

24   "admitted," in July 2018, "that she was benefitting from her medication" and was

25   "more functional." (AR 37) (citing AR 1012).  Furthermore, the ALJ found that,

26   despite plaintiff's "allegations of totally disabling symptoms," her treating

27   neurologist did not recommend any restrictions in the treatment notes.  (AR 37).

28   ///

Based on the ALJ's overall assessment of the record, the ALJ concluded that plaintiff had the RFC to perform light work with the following restrictions:

> [Plaintiff] can lift and/or carry 20 pounds occasionally and less than 10 pounds frequently; can stand and/or walk for six hours out of an eight hour workday with regular breaks with the option to change positions at the workstation; can sit for six hours out of an eight-hour workday with regular breaks with the option to change positions at the workstation; can frequently push and/or pull with the upper and lower extremities within the weight limits mentioned above; can occasionally climb ramps and stairs but can never climb ladders, ropes, or scaffolds; can occasionally balance and stoop; cannot kneel or crawl; can occasionally crouch; can frequently handle bilaterally; can frequently feel and finger bilaterally; must avoid concentrated exposure to heat, wetness, vibratory tools and instruments, unprotected machinery, and unprotected heights; and must work in an air conditioned environment.

(AR 33).

### D.   Analysis

The ALJ's stated reasons for discounting plaintiff's testimony are not specific, clear and convincing.  First, to the extent that the ALJ relied on a lack of objective medical evidence, as plaintiff points out, this is not a sufficient basis, in itself, to reject a claimant's testimony, although it may be a relevant factor.[3]  See, e.g., Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the ///

_____

[3]Furthermore, even if the ALJ's assessment of the medical evidence may be reasonable in itself, it is nonetheless notable that the ALJ did not identify any evidence that affirmatively undermined or contradicted plaintiff's testimony regarding her limited abilities, such as her limitations in sitting, standing, walking, and lifting.

1   sole basis for discounting pain testimony, it is a factor that the ALJ can consider in

2   his credibility analysis.").

3          Aside from the medical evidence, the ALJ's only other express grounds for

4   rejecting the testimony were that (1) plaintiff reported some improvement with

5   medication, and (2) the treatment notes of plaintiff's neurologist did not contain

6   any recommended restrictions.[4]  (AR 37).  As for the latter ground, plaintiff's

7   treating neurologist did not provide a medical opinion in the record.  Although the

8   ALJ reasoned that if plaintiff was as limited as alleged, "one might expect to see

9   some indication in the treatment records of restrictions placed on [plaintiff] by her

10  treating neurologist," the lack of such indication does *not* mean that the

11  neurologist believed plaintiff had no restrictions.  Nor is it equivalent to a medical

12  opinion as such.

13         Otherwise, as support for finding that plaintiff's medications helped, the

14  ALJ pointed to one treatment note stating plaintiff was "on Tysabri which she is

15  tolerating well" (AR 998), and another treatment note stating plaintiff "[f]eels that

16  _____

17      [4]Defendant asserts that the ALJ's assessment of plaintiff's testimony was also based on
    "treatment notes indicating that [p]laintiff declined to participate in physical therapy" and the
18  ALJ's observations of plaintiff's "demeanor at the hearing that displayed her ability to remember
    and focus despite her allegations to the contrary."  (Defendant's Opposition at 5).  However, this
19  is not reflected in the ALJ's decision.  For example, when summarizing the medical records, the
    ALJ briefly noted plaintiff "declined physical therapy" (AR 34; see AR 821), but the ALJ never
20  mentioned this as a basis for discounting plaintiff's allegations.  See Lambert v. Saul, ___ F.3d
    ___, No. 19-17102, 2020 WL 6735633, at *10 (9th Cir. Nov. 17, 2020) ("Although the ALJ did
21  provide a relatively detailed overview of [the claimant's] medical history, 'providing a summary
    of medical evidence . . . is not the same as providing clear and convincing reasons for finding the
22  claimant's symptom testimony not credible.'") (quoting Brown-Hunter, 806 F.3d at 494);
    Brown-Hunter, 806 F.3d at 494 ("We are constrained to review the reasons the ALJ asserts.").
23  The ALJ also never stated that his observations of plaintiff at the hearing were a basis for the
    assessment.  Instead, in discussing how plaintiff's testimony was not "corroborate[d]" by the
24  "objective medical evidence," the ALJ stated there was "no objective evidence of impaired
    memory recall or difficulty maintaining focus as indicated by [plaintiff] at the hearing."  (AR 37).
25  Contrary to defendant's view, this statement simply refers to the fact that plaintiff had "indicated
    . . . at the hearing" that she had difficulty with memory recall and maintaining focus, and the ALJ
26  found no "objective evidence" in the record to support this.

27

28

1    she is benefitting from the pain med [Norco] as it makes her more functional and

2    is able to better operate her day . . ." (AR 1012). Plaintiff, in fact, testified that

3    her pain medications helped ease the pain, to some degree, so the ALJ's

4    observation here is merely consistent with that testimony. (AR 58). However, as

5    plaintiff contends, improved functioning does not equate with an ability to

6    function effectively in a workplace. (Plaintiff's Motion at 11-12). Indeed,

7    notwithstanding this improvement from medication, plaintiff also testified that the

8    pain persisted and her physical abilities were still limited. (<u>See</u> AR 57-61).

9    Because the ALJ failed to point to any evidence that undermines or contradicts

10   any of plaintiff's testimony, this is not a clear and convincing basis to reject her

11   subjective statements. <u>See</u> <u>Lambert v. Saul</u>, ___ F.3d ___, No. 19-17102, 2020

12   WL 6735633, at *10 (9th Cir. Nov. 17, 2020) ("[O]ur precedents plainly required

13   the ALJ to do more than was done here, which consisted of offering non-specific

14   conclusions that [the claimant's] testimony was inconsistent with her medical

15   treatment.")[5] (citing <u>Burrell v. Colvin</u>, 775 F.3d 1133, 1138 (9th Cir. 2014));

16   <u>Brown-Hunter</u>, 806 F.3d at 494 ("We cannot review whether the ALJ provided

17   specific, clear, and convincing reasons for rejecting [the claimant's] pain

18   testimony where, as here, the ALJ never identified *which* testimony she found not

19   credible, and never explained *which* evidence contradicted that testimony.").

20   ///

21

22

23        [5]In <u>Lambert</u>, the ALJ rejected the claimant's testimony based on four reasons: First, Lambert had "not generally received the type of medical treatment one would expect for a totally

24   disabled individual." Second, the "record reflect[ed] significant gaps in [her] history of treatment and relatively infrequent trips to the doctor for the allegedly disabling symptoms." Third,

25   Lambert's "use of medications [did] not suggest the presence of impairments which [were] more limiting than found in th[e] decision." Finally, "medications ha[d] been relatively effective in

26   controlling [her] symptoms." <u>Lambert</u>, 2020 WL 6735633, at *3. The Ninth Circuit held that these "four high-level reasons" were not clear and convincing reasons to reject the claimant's

27   testimony because the ALJ never specified which testimony conflicted with the record evidence.

28   <u>Id.</u> at *10.

1    Accordingly, the ALJ erred by failing to provide specific, clear, and

2 convincing reasons to discount plaintiff's subjective statements.  Remand is

3 warranted for reconsideration of these statements.

4 **V.   CONCLUSION**

5    For the foregoing reasons, the decision of the Commissioner of Social

6 Security is REVERSED and this matter is REMANDED for further administrative

7 action consistent with this Opinion.[6]

8    LET JUDGMENT BE ENTERED ACCORDINGLY.

9 DATED:  November 27, 2020

10                              _____/s/_____

11                              Honorable Jacqueline Chooljian
                                UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24   _____

25    [6]When a court reverses an administrative determination, "the proper course, except in rare
circumstances, is to remand to the agency for additional investigation or explanation."
26 Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and
quotations omitted); Treichler, 775 F.3d at 1099 (noting such "ordinary remand rule" applies in
27 Social Security cases) (citations omitted). The Court has determined that a reversal and remand
for immediate payment of benefits would not be appropriate.
28

12